**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHENETTA TONEY, | No.   17-15395 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-01225-WBS-AC |
| v. | |
| NEIL YOUNG and BILL ATTERBERRY, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Argued and Submitted February 12, 2018
San Francisco, California

Before:  SCHROEDER and WATFORD, Circuit Judges, and ILLSTON,[**] District Judge.

This case involves an unusual claim of retaliation for the exercise of First

Amendment rights.  Plaintiff-Appellant Shenetta Toney ("Ms. Toney") appeals

from the district court's order granting summary judgment to Defendants-

_____

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Susan Illston, United States District Judge for the Northern District of California, sitting by designation.

Appellees Neil Young and Bill Atterberry, school district officials at the time of the underlying incident. Our appellate jurisdiction rests on 28 U.S.C. § 1291, and we **AFFIRM.**

Ms. Toney was terminated on the basis of allegations concerning her behavior during a melee that took place in the parking lot of Bear Creek High School, where she was employed as a campus supervisor. The melee began with multiple fights between various students and non-students. Police from two different communities were called and responded to the scene. It is not disputed that Ms. Toney's job duties as a campus supervisor included helping to maintain an orderly and safe environment for the students. It is further undisputed that the incident in question led to physical altercations between students and police. The district court record includes, among other things, a video of the chaotic scene, as well as documentation of the administrative investigations and proceedings that led to her termination.

On the basis of the entire record, we must conclude the district court properly found Ms. Toney's First Amendment retaliation claim fails. This is because, to the extent her behavior during the episode included speech, she spoke in her capacity as a public employee. The Supreme Court, in a seminal decision on the First Amendment rights of public employees, emphasized that the "First

2

Amendment does not prohibit managerial discipline based on an employee's expressions made pursuant to official responsibilities." *Garcetti v. Ceballos*, 547 U.S. 410, 424 (2006). This rule applies "no matter how much a matter of public concern" the speech addresses. *Coomes v. Edmonds Sch. Dist. No. 15*, 816 F.3d 1255, 1260 (9th Cir. 2016).

Ms. Toney contends that she did not speak in her capacity as an employee because her duties did not specifically include declaring police brutality and instructing students to film it. This argument is unavailing. Her comments were made during the course of her duties as a campus supervisor to maintain campus order and safety. As the Supreme Court said in *Garcetti*, his superiors retained the "authority to take proper corrective action" if they "thought his memo was inflammatory or misguided." *Garcetti*, 547 U.S. at 423. Ms. Toney's superiors were in a similar position.

Ms. Toney's judicial estoppel argument is also without merit. There is no inconsistency between the school district's position in the arbitration proceeding that she went beyond her duties, and the position taken here that the episode occurred during the time when she was on duty as a campus supervisor. *See Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983, 994 (9th Cir. 2012).

**AFFIRMED.**